IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>GMRI, INC. d/b/a OLIVE GARDEN,<br><br>    Defendant. | Case No.: 25-173<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Amber Price, by and through her attorney, Prabhu Narahari, Esq. of Manes & Narahari LLC, and files this Complaint alleging as follows:

### I.     Nature of the Action

1. Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq*. Plaintiff alleges that she was subjected to persistent sexual and pregnancy discrimination by Defendant.

### II.     Jurisdiction and Venue

2. This action arises under Title VII and the Pennsylvania Human Relations Act. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5.      Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding her allegations under Title VII on June 3, 2024 under charge number 533-2024-02174. *See Exhibit 1.*

6.      Plaintiff was mailed Notice of Right to Sue from the EEOC on January 16, 2025. This Complaint has been filed within ninety (90) days of Plaintiffs receipt making this action timely. *See Exhibit 2.*

### III.    Parties

7.      Plaintiff, Amber Price, is an adult individual with a primary residence located at 5729 Library Road, Bethel Park, Pa 15102.

8.      Defendant, GMRI, Inc. d/b/a Olive Garden is a Florida Domestic Business Corporation with their headquarters located at 1000 Darden Center Drive, Orlando, FL 32869.

### IV.    Facts

9.      Plaintiff was hired by Defendant on or about November 20, 2022.

10.     Plaintiff was successful in her position as a trainer and in line for a promotion to Service Professional.

11.     Plaintiff found out that she was pregnant in January 2024.

12.     During Plaintiff's interview for the promotion, the general manager, Patricia Roberts, brought up Plaintiff's pregnancy.

13.     During the interview, Roberts asked "is the baby going to end up being something that changes your mind about this job?"

14.     Plaintiff said "No, if anything it makes me want it more."

15.     Roberts persisted and said "I just want to make sure you don't get the job, have a kid, and change your mind."

16. Shortly after this interview, two coworkers, Taylor Boyd and Andrea, who were bitter towards Plaintiff from previous interactions made up false allegations, saying Plaintiff was making threats.

17. The other was being aggressive towards Plaintiff. She tried to defuse the situation.

18. Taylor Cadonic, a manager for Defendant, witnessed the incident and told Plaintiff that she was proud of how Plaintiff handled the situation.

19. Plaintiff had previously filed a complaint against both of the employees for aggressive behavior towards Plaintiff.

20. Plaintiff had also trained Boyd was she was hired.

21. During Boyd's training, Plaintiff informed the managers that she was disrespectful and inattentive. Plaintiff asked her to stop being disrespectful.

22. After this, Boyd didn't hide her distain for Plaintiff.

23. Boyd has had many writeups and was known for being an unreliable employee.

24. Andrea made threats towards Plaintiff in January.

25. However, Andrea was not written up and Plaintiff was not provided with a copy of the report she submitted with Defendant.

26. Prior to Plaintiff's termination, Roberts would bring up Plaintiff's pregnancy at east once a week regarding Plaintiff going on leave. Roberts would have to find someone to cover Plaintiff's position while she was on leave.

27. Every time Roberts brought up Plaintiff's pregnancy, Plaintiff would say she planned to go on leave two weeks before her due date and be back two months after the baby was born.

28. Plaintiff continued training new servers up until her pregnancy was announced.

29. Plaintiff inquired as to why she was no longer training employees.

30. Plaintiff was told they were giving her a break from it, even though Plaintiff wanted to and was capable to continue training.

31. Two weeks prior to Plaintiff's termination, Plaintiff asked Kaylee and Cadonic about the "leave process" and the proper way to go about it so she would receive compensation available to her.

32. Plaintiff was told Defendant didn't do anything or compensate with wages or unemployment.

33. Plaitniff informed Kaylee and Cadonic that another employee had recently gone on leave and had to do the process a certain way so the leave wouldn't be denied.

34. Plaintiff wanted to avoid applying for and going on leave incorrectly.

35. Despite knowing there was a process for leave, neither employee informed Plaintiff of the process and continued saying Respondent doesn't "do leave."

36. Plaintiff was officially terminated from her employment on April 30, 2024.

## COUNT I
### Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964

37. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

38. Title VII makes it illegal for an employer to "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities ... because of such individual's…sex." 42 U.S.C. § 2000e–2(a)(2).

39. Defendant is an employer within the meaning of Title VII.

40. Plaintiff was an employee within the meaning of Title VII.

41. A plaintiff must first establish a prima facie case of discrimination by showing that "(1) she is a member of a protected class, (2) she was qualified for the position she sought to attain or retain, (3) she suffered an adverse employment action, and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." Jones v. Temple Univ., 622 F. App'x 131, 134 (3d Cir. 2015) (citing Mandel v. M & Q Packing Corp., 706 F.3d 157, 169 (3d Cir. 2013)).

42. Plaintiff's protected class is her sex/gender.

43. Plaintiff was fully qualified for the position with Defendant.

44. Plaintiff was subjected to sexual discrimination while working with Defendant.

45. Plaintiff was treated in such a way that male employees did not receive.

46. Plaintiff suffered damages as a result of the sexual discrimination, including lost wages and emotional distress.

47. As her employer, Defendant had a duty to provide Plaintiff with a discrimination-free workplace.

48. Defendant failed to do so.

49. Plaintiff suffered damages as a result of the harassment including lost wages and emotional distress.

50. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

**COUNT II**
**Sexual Discrimination in Violation of PHRA**

51. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

52. Defendant is an employer within the meaning of the PHRA.

53. Plaintiff was an employee within the meaning of the PHRA.

54. Plaintiff is of the protected class of sex/gender.

55. Plaintiff was fully qualified to perform all aspects of her job.

56. Defendant engaged in discriminatory conduct in violation of the PHRA allowing the known sexual discrimination to continue.

57. Plaintiff suffered damages as a result of the sexual discrimination, including lost wages and emotional distress.

58. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT III

**Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

59. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

60. Defendant is an employer within the meaning of Title VII.

61. Plaintiff was an employee within the meaning of Title VII.

62. Under the Pregnancy Discrimination Act ("PDA"), a provision of Title VII, employers with fifteen (15) or more employees may not discriminate against pregnant employees with regard to any benefit of employment, including disability leave, health insurance, hiring, firing, layoff, pay, training, promotions, and job assignments.

63. As a result, under the PDA, employers must extend the same rights and benefits to pregnant employees as they do to other similarly situated employees.

64. Defendant was informed of Plaintiff's pregnancy.

65. Plaintiff had no disciplinary actions prior to her termination.

66. Roberts continually brought up Plaintiff's pregnancy.

67. Plaintiff was not told proper procedure for taking leave from Defendant.

68. Plaintiff was discriminated against by Defendant when Defendant terminated her due to her pregnancy.

69. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT V

### Pregnancy Discrimination in Violation of the PHRA

70. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

71. Defendant is an employer within the meaning of the PHRA.

72. Plaintiff was an employee within the meaning of the PHRA.

73. Plaintiff was unlawfully terminated from her employment due to her pregnancy.

74. Defendant's reasoning for denying Plaintiff employment is discriminatory.

75. There was no other non-discriminatory reasoning for terminating Plaintiff.

76. Plaintiff suffered damages as a result of the discriminatiom, including lost wages and emotional distress.

77. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's right protected under federal law to be free from discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby requests that this Honorable Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: economic damages for back and front wages, compensatory damages for emotional distress, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other such relief as the Court may deep just and proper.

Respectfully Submitted,

/s/ Prabhu Narahari
Prabhu Narahari, Esq.
PA ID No. 323895

**MANES & NARAHARI, LLC**
One Oxford Centre
301 Grant St, Suite 270
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 650-4845 Fax
pn@manesnarahari.com

## **VERIFICATION**

I, Amber Price, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

02/05/2025
_____
Date

*Amber Price*
Jamber8684@gmail.com (Feb 5, 2025 18:51 EST)
_____
Amber Price


# Complaint

Final Audit Report                                                               2025-02-05

| | |
|---|---|
| Created: | 2025-02-05 |
| By: | Grace Grace (gg@manesnarahari.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA4vcf5kQ10a9gzHT2tSh3Iu-bTI4FroMf |

## "Complaint" History

- Document created by Grace Grace (gg@manesnarahari.com)
  2025-02-05 - 8:52:06 PM GMT

- Document emailed to Jamber8684@gmail.com (jamber8684@gmail.com) for signature
  2025-02-05 - 8:52:10 PM GMT

- Email viewed by Jamber8684@gmail.com (jamber8684@gmail.com)
  2025-02-05 - 11:48:17 PM GMT

- Document e-signed by Jamber8684@gmail.com (jamber8684@gmail.com)
  Signature Date: 2025-02-05 - 11:51:04 PM GMT - Time Source: server

- Agreement completed.
  2025-02-05 - 11:51:04 PM GMT

Adobe Acrobat Sign